John Elwood for Petitioner Aisha King. The Board of Immigration Appeals committed two independent legal errors when it denied Ms. King waiver under Section 212H of the Immigration and Nationality Act. First, the Board erred by holding that a waiver that is available exclusively to people implicated in serious criminal offenses could be denied solely because of the seriousness of the offense that is the subject of the waiver, regardless of how strong the equities otherwise are, regardless of how long a noncitizen has been in the United States here, 31 years, or how many U.S. citizen relatives would suffer hardship as a result here, four. Because all of the offenses that are subject of 212H waiver are necessarily serious, allowing the seriousness of the offense alone to justify denying waiver would, as BIA member Rosenberg warned in Mendez, be an impermissible per se rule that would render the waiver statute a nullity. Second, by its own terms, when the BIA considered the equities that could be weighed against the seriousness of the crime here, it in so many words did not mention hardship specifically. Any of the equities that we mentioned, the things that would cause hardship, the mental health issues that the children have struggled with, the $900,000 restitution judgment that Mr. King would have to pay on his own while supporting a family of five, none of those things were by their own terms considered. Mr. O'Rourke, I wanted to ask you, how would you distinguish INS versus YANG, which I believe stands for the proposition that there isn't any limit on what could be considered? How does that square with your theory of the case? I think what YANG rejected is a very different argument. It said that you couldn't place limits on factors to be considered. We're not saying you can't consider it. We're saying it can't be dispositive, and I think YANG actually supports us there because the Supreme Court recognized in YANG on page 31, they said an argument could be made that if the Attorney General determined that an entry fraud or misrepresentation, no matter how minor and no matter what the attendant circumstances, would cause her to withhold a waiver, she would not be exercising the conferred discretion at all, but would be making a nullity of the statute. That in not so many words is exactly what we're arguing here. We're not saying you can't consider it. We're saying that if you make that dispositive, it renders the statute a nullity, just as Rosenberg, Board Member Rosenberg, warned back in the Mendez case, which set up this structure essentially. So why isn't that just another way of challenging the discretion of the IJ and the Bureau? Because I think that we're not saying that they didn't, you know, that they didn't, we're not challenging the exercise of discretion. We're saying that they've essentially adopted a rule that forecloses the exercise of discretion. We all agree, I think, that you couldn't just say, they couldn't just cut out the crimes we're not going to consider, those are too serious. Because that would render the statute a nullity to say, the crimes that we could waive, we're not going to waive for because they're too serious. And what we're saying is they've essentially done the same thing, but in different words by saying, we're not going to waive it for serious crimes. When these are a collection of crimes that Congress put together because they are serious enough to be enough standing alone to render non-citizens categorically ineligible for entry into the United States. And by definition, those are all going to be very serious crimes, crimes involving moral turpitude and felonies involving moral turpitude, prostitution and commercialized vice, drug trafficking offenses. They're all going to be serious enough. In Mendez, they were serious enough that that alone was justified denying waiver despite the fact that they recognized equities. Here, the seriousness of the crime was the only countervailing consideration that they looked at. And if you look at the way that the BIA has implemented this over the years, time and again, just as Board Member Rosenberg warned in Mendez, they have considered seriousness enough alone to offset all the countervailing equities. And that is not the exercise of discretion. As Rosenberg herself said, this isn't talking about challenging the weighing. It's saying that that basically is an impermissible per se rule. As Judge, I'm sorry, Board Member Rosenberg said, because of the crimes that are listed in 212A2, quote, no applicant will ever appear before us who has not committed an offense which we consider reprehensible. And again, as a practical matter, it is rendered the statute. If not a nullity, at least essentially unimportant. And perhaps the government can cite a large number of cases in which the waivers have been granted. But in preparation for argument, I went back and looked at it and see exactly whether it is just as bad as we say. And I've seen seven cases where the BIA reversed a grant of the waiver, at least one of which the Madron case from 2007, was because entirely of the seriousness of the underlying offense, their credit card fraud conviction. But we have not found any cases in the last more than a decade where the waiver has been granted. Indeed, we've only found two cases ever under past BIA board members where the waiver has ever been upheld, one in 2010, one in 2007. And that's just going back essentially as far as you can go. Certainly as far as Mendez. And we actually went back beyond Mendez. So at a minimum, it appears as though the statute has been rendered a dead letter. The second error is that by its own terms, when the BIA listed Ms. King's positive equities, it did not include any of the hardships that her family will suffer. We said basically that the family would suffer hardships because the children who were taken away from the parents at a fairly tender age, 8, 9, and 15, and grew to adulthood without either parent, and as a result suffered some mental health difficulties, the two younger children, depression and anxiety, that they would be essentially after a brief reunion, she would be returned to a country that is very remote and where there's a very real chance that they will never see her again because of the expense and difficulty of traveling to Sierra Leone and because of the family's poverty. They live paycheck to paycheck and never have more than a couple hundred bucks in the bank. The IJ did discuss it though, right? The IJ did discuss it, but when it came up to the Court of Appeals, we have our own problems with the IJ because we think that he basically drew off, he basically refused to consider hardships that were traceable to the criminal conduct when I think by definition, because all the hardship comes from removal, it's traceable to the criminal conduct, but when it came to the Board of Immigration Appeals, they did everything entirely on the weighing, and if you look at it, the first paragraph is a standalone paragraph says, here are the positive equities, none of which are hardship, the one negative equity, which is the seriousness of the conviction, and the conclusion, we're not going to grant the waiver. Now, the very next paragraph then discusses the seriousness of the offense, including the $900,000 restitution judgment, which we argued was a positive equity because it's a, you know, as the immigration judge said, it is an enormous financial burden that weighs on the family that he's going to have to pay alone while supporting a family of five. They didn't mention that element at all in discussing the seriousness of the offense or the $900,000 figure. Now, to be sure, they do mention a single sentence, a single conclusory sentence where they say, oh, it's likely that we shall suffer severe hardship, but I think, and I would be the first person to say that ordinarily you give the presumption to the agency that they're going to act properly, but I think the things that you can point to to suggest that they did not is they literally listed the positive equities and it's not there. They literally, you know, they discussed one of the things that we thought was a positive equity without ever mentioning that it was a positive equity. And when they get to the bottom, they say, oh, we shall suffer some hardship, but having considered the appropriate factors, never having said that the appropriate factor includes hardship, we did not. Council, where's the line on how specific and how detailed their recitation needs to be? Well, I think if they're going to recite the positive equities and they don't include the thing that we say, the hardship, when they have themselves said that hardship is a positive equity, that that is at least a reason to express skepticism. And when they discuss one of the factors that we consider is a positive equity without ever mentioning that it's the party has said it's a positive equity, I think that is another indication. Again, I would indulge every presumption in favor of the BIA, but I think that even having done that, there are, you know, pretty strong reasons to believe they did not do what they were supposed to do here. Finally, just wrapping up, I think the BIA's exclusive focus really or overriding focus on the seriousness of the offense, which really occupied two of the three paragraphs of their report. The first is to what are really significant positive equities, Mrs. King, and this is all for the court below, but this is stuff that they just didn't get to, which is, you know, 31 years in the United States. And sure, you detract the 10 years that she spent in prison, but that's still 21 years. The 24-year marriage she's had to Mr. King, who was a U.S. citizen, and the parenthood for three children, you know, two of whom have suffered mental health issues because they were taken away from their parents while they were still in single digits and grew to adulthood without either parent. Now, all of these are factors that the court should consider below. All I ask is that you return this to the BIA so they can, you know, take care of this having considered fully all the factors that Congress meant for them to consider. Thank you. Thank you. May I please the court? My name is Kitty Lees, and I am appearing on behalf of the Attorney General of the United States. The court should dismiss the petition for review in this case for lack of jurisdiction. The court lacks jurisdiction in two different ways. First, it is undisputed that Ms. King has been convicted of an aggravated felony, and thus the court is stripped of jurisdiction to review this petition under 8 U.S.C. section 1252A-2C. This court also lacks jurisdiction to consider the agency's discretionary determination to deny the waiver of inadmissibility under 8 U.S.C. section 1252A-B-I. While there is a limited exception for colorable constitutional claims and questions of law, Ms. King has not put forth either here. Ms. King first argues that the agency erred in denying her waiver of inadmissibility in its discretion because it considered her significant criminal history in denying that waiver. Ms. King's argument, in essence, asks this court to reweigh the discretionary factors in her favor, which it cannot do. Regardless, the agency, through the Attorney General, has been given broad authority to determine what it can or cannot assess in its discretionary analysis, and it appropriately considered Ms. King's conviction for healthcare fraud and identity theft in denying her request for relief. What is your response to Mr. Elwood's contention that the BIA has never granted this relief? Well, Your Honor, respectfully, the immigration court decisions are not published under West Law, so he would not have access to whether the immigration court has granted any 212H waivers in their discretion there. So that would be outside of the analysis. Whether the board has granted, that would have to be upon a DHS appeal, and then they would review that appeal, which to then overturn a denial of a 212H waiver, or to grant, is rare to get to that point. So he would not have access to the immigration court's decisions in how many they granted 212H waivers. Has the board ever granted it? Yes. The board has granted it. I don't have any specific cases in front of me right now. I could follow up with the court if you would like me to, but I do know that the board has granted some. Second, Ms. King also asked the court to re-weigh the evidence of hardship her family will experience in its discretionary analysis, which, again, this court cannot do in its authority. Despite Ms. King's assertions, the agency considered this evidence and found Ms. King's negative factors to outweigh any such equities. Therefore, because Ms. King's petition does not contain a constitutional question or legal claim, the court must dismiss the petition for review for lack of jurisdiction. Counsel, would you agree that if there was a complete failure to consider hardship, that that would be a legal issue? If there was a complete failure, yes, but that is not what happened here. The board did consider the hardship, as Ms. King's counsel admitted, and the board does not need to write an exegesis on every contention, but said must show that it considered the issues weighed, which this court has said in Mayorker-Rosa v. Sessions, and that is what the board did here. It showed that it considered the hardship and said, nevertheless, considering the totality of the circumstances, the equities do not weigh in Ms. King's favor in this case. Therefore, it shows it doesn't need to go through every single hardship line by line. The board showed that it considered the evidence, found that it did not weigh in her favor, and therefore dismissed the appeal. Ms. King does not have a valid constitutional claim or question of law, as I stated. Her arguments that the board could not consider the seriousness of her conviction are unfounded. She is simply trying to create jurisdiction with this court by attacking the board's appellate discretion, which it cannot do. Congress has given the Attorney General the authority to deny 212H waivers in his discretion. It says that in the statute. This discretion is not limited in the statute by any way. This court mentioned INS v. Yang, which addressed this very issue, whether the underlying cause for a waiver, in that case, it was a fraud waiver, could be considered in the ultimate discretionary analysis. What if a party raises an issue that's already been decided? Is that a legal issue that gives us jurisdiction? If the party is... What if they're raising an issue that's already been decided? Isn't that still a legal issue? Well, when it comes down to it, even if it's been decided, it's still the weighing of the discretionary factors, and therefore that would not be a legal issue. That would be a re-weighing of the factors, as it is in this case. In INS v. Yang, the Supreme Court said that the Attorney General's discretionary determination was not limited in statute in any way, which as in here, it is not limited in statute in any way. And therefore, it is his authority to determine who will and will not be given grace. There is no limitation on what factors the Attorney General can consider, and I would argue that it wasn't merely just the fact that she had been convicted of a crime that the board considered here. It was the seriousness of the offense, the type of offense, the four years long offense that occurred, the fraud that was ongoing, and the type of sentence that was given. All of those factors were considered. It wasn't just merely the fact that she had been convicted. As I mentioned, the board clearly considered the hardship to her family will experience. And third, Ms. King asserts that the agency ignored objective country conditions evidence, which was not presented before the agency in the first place. It was only mentioned in the brief before the agency. Statements by counsel are not evidence, and she did not ask the agency to take any administrative notice of those country conditions evidence. It wasn't presented for the agency to review, and therefore, the agency can't be accused of ignoring that country conditions evidence if it wasn't there in the first place. Given that the Attorney General has the broad discretion, has the authority to deny the discretion, waiver, and consider all of the elements here, there is no constitutional claim or legal question. Therefore, this court must dismiss the petition for review. If there's any other questions, I'll thank you. Thank you, Ms. Lee. Mr. Elmore. Well, to begin with, regarding the issue about whether this is a legal issue or really just concerns reweighing, I want to point to the court to page 313 of the Mendes decision. This is part of Board Member Rosenberg's dissent, and she said, I believe we contravene the statute when we so readily engage in the practice of finding the offense to be waived on an adequate basis alone on which to deny relief. So as she framed the issue and as I believe I'm framing the issue, it is a legal decision, not a matter of exercise of discretion. Regarding what came before the court, the only thing I will tell you is that we searched both Lexis and Westlaw. They're unpublished decisions. I couldn't tell you exactly how comprehensive they are, but we searched every opinion there was, including the unpublished decisions that are available online. And I will note that in advance, Judge Rosenberg warned that it would be essentially rendered the statute, if not a nullity, inconsequential. And that is enough to be kind of contrary to the ordinary interpretation of statutes. They're presumed to not be inconsequential. Regarding whether we presented the evidence correctly, I will only repeat essentially what I said in the reply brief, which is, admittedly, we only cited the things in our briefing. I'm doing this case pro bono. Hopefully it is the one and only case I will ever do in immigration. But we supported the conclusions entirely based upon U.S. government sources. So the government can hardly say, well, how would we possibly take notice of this? And I apologize if I didn't do it quite the right way, but the evidence was at least before the judge. If there are no questions, I'll rely on our submission. All right. Thank you, Mr. Elwood and Ms. Lees. We appreciate your arguments. And the case is submitted. Appreciate you taking it pro bono as well. Thank you.